IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kendrick L.J. Singleton,<br><br>    Plaintiff,<br><br>vs.<br><br>Florence Mauney, Associate Warden of Security; Michael Matthews, Regional Director of Inmate Classification; D. Filmore, Perry Correctional Inst. Classification Caseworker; L. Buttrey, Perry Correctional Inst. Classification Caseworker; and F. Ogunsile Perry Correctional Inst. Classification Caseworker,<br><br>    Defendants. | C/A No.: 1:13-2104-JMC-SVH<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Kendrick L.J. Singleton, proceeding pro se and in forma pauperis, filed this civil rights action pursuant 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by Florence Mauney, Michael Matthews, D. Filmore, L. Buttrey, and F. Ogunsile (collectively "Defendants") while incarcerated at Perry Correctional Institution ("PCI"). Defendants are all current or former employees of the South Carolina Department of Corrections ("SCDC"). This matter comes before the court on Plaintiff's motion for a preliminary injunction. [Entry #3].

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion requests injunctive relief, it is dispositive, and this Report and Recommendation is entered for the district judge's consideration.

I. Discussion

    A. Preliminary Injunction Standard

The court may only grant injunctive relief, after notice to the adverse party, under strict conditions. Fed. R. Civ. P. 65. A preliminary injunction is an "extraordinary remed[y] involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 550 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[1] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 550 U.S. at 20–22; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Fed. Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United. See The Real Truth About Obama, Inc. v. Fed. Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

the party's favor. *See Real Truth*, 575 F.3d at 346–47.[2] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*).

B.  Analysis

In his motion for a preliminary injunction, Plaintiff claims that Defendants deprived him of due process when they placed him in security detention without notice or a chance to be heard. [Entry #3 at 1–2]. He appears to seek transfer out of the Special Management Unit ("SMU") or notice and a hearing regarding his continued confinement in the SMU. *Id*. at 3–7.

First, Plaintiff has not demonstrated a clear likelihood of success on the merits. There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). The placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions and are not subject to review unless state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016–17 & n. 1 (4th Cir. 1984). Additionally, while Plaintiff claims that detention in the SMU constitutes an atypical and significant hardship, courts have found that conditions similar to those complained of are

---

[2] Based on *Winter*, the *Real Truth* court expressly rejected and overruled the *Blackwelder* sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 555 U.S. at 21–22.

not so atypical that exposure to them imposed a significant hardship in relation to the ordinary incidents of prison life. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). All of Plaintiff's arguments rely on the assumption that Defendants deprived Plaintiff of due process when he was placed in security detention. However, Plaintiff has not yet proven that he was entitled to due process. Therefore, Plaintiff has not shown a likelihood of success on the merits.

Next, Plaintiff has also failed to make a clear showing that he will suffer irreparable harm if he is not transferred. Plaintiff argues that infringement of constitutional rights for short periods of time constitutes irreparable harm. [Entry #3 at 5]. However, a party is not entitled to a preliminary injunction simply by setting forth allegations of constitutional violations. *Winter*, 550 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Plaintiff has failed to show any other evidence of irreparable harm.

Further, Plaintiff has not shown that the balance of equities tips in his favor. The Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. *See Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration). Therefore, the balance of equities does not tip in Plaintiff's favor.

Finally, Plaintiff has not shown that an injunction is in the public interest. The undersigned cannot conclude that the public interest would be best served by reversing prison administrators' decisions regarding a prisoner's classification where the record

contains only Plaintiff's allegations and no evidence. Therefore, it is recommended that Plaintiff's motion for a preliminary injunction be denied.

II.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court deny Plaintiff's motion for a preliminary injunction. [Entry #3].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 23, 2013  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).