IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kendrick L.J. Singleton,               ) | C/A No.: 1:13-2104-JMC-SVH |
|                                        ) | |
|     Plaintiff,     ) | |
|                                        ) | |
| vs.                                    ) | |
|                                        ) | |
| Florence Mauney, Associate Warden of   ) | |
| Security; Michael Matthews, Regional   ) | |
| Director of Inmate Classification;     ) | ORDER |
| D. Filmore, Perry Correctional Inst.   ) | |
| Classification Caseworker; L. Buttrey, ) | |
| Perry Correctional Inst. Classification ) | |
| Caseworker; and F. Ogunsile, Perry     ) | |
| Correctional Inst. Classification      ) | |
| Caseworker,                            ) | |
|                                        ) | |
|     Defendants.    ) | |
|                                        ) | |

  Plaintiff Kendrick L.J. Singleton, proceeding pro se and in forma pauperis, filed this civil rights action pursuant 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights by Florence Mauney, Michael Matthews, D. Filmore, L. Buttrey, and F. Ogunsile (collectively "Defendants") while incarcerated at Perry Correctional Institution ("PCI"). Defendants are all current or former employees of the South Carolina Department of Corrections ("SCDC"). This matter comes before the court on Plaintiff's motion to compel [Entry #32].

  Plaintiff seeks to compel further responses to his requests for production to all Defendants and to specific interrogatories to individual Defendants. With regard to the requests for production, Plaintiff seeks responses to his requests for SCDC policies, his

entire medical record, and his institutional records, including records contained in the offender management system. [Entry #32-1 at 25–31, RFP Nos. 1, 3, 4, 5, 10, 12, 15]. Defendants responded that such information was available from the prison pursuant to a written request from Plaintiff. Plaintiff did not file a reply.

Plaintiff also requests a list of all inmates classified as security detention ("SD") for a four-year period and the related SCDC form for such inmates, incident reports regarding each time chemical munitions were sprayed in the Special Management Unit ("SMU") for an 18-month period, and copies of all unprocessed grievances at PCI for a five-month period. *Id*. at RFP Nos. 7, 8, 9, 11, 14. Additionally, Plaintiff seeks the employee files of Defendants. *Id*. at RFP No. 6. Defendants argue that all such requests are overly broad and that Plaintiff has failed to show such requests are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff did not reply or otherwise provide arguments regarding the relevance of such items.

With regard to the interrogatories, Plaintiff's motion seeks full answers to interrogatories that request information about policies and procedures for inmates in statewide protective custody, which is distinct from Plaintiff's SD custody, and information about other inmates in SD or the inmate classification committee's records concerning other inmates. [Entry #32 at 3, 32-1 at 1–25]. Defendants responded that information regarding other inmates, regardless of the custody classification, is irrelevant to Plaintiff's case. Plaintiff failed to provide any basis for seeking such information.

Finally, Defendant objected to some of Plaintiff's interrogatories based on a vagueness or lack of clarity as to what information Plaintiff seeks. For example, Defendant responded as follows to particular interrogatories to Filmore:

> 23. Is there security a log book where the inmate classification committee conducts its reviews?
>
> ANSWER: Objection. This Defendant objects to Interrogatory 23 because it is vague, lacks clarity, and is written in such a manner where the Defendant has no understanding as to what is requested.
>
> 25. Did the Plaintiff simulated for security detention according to the automated offender management system prior to his placement?
>
> ANSWER: Objection. This Defendant objects to this interrogatory because it is vague, lacks clarity and is written in such a manner where the Defendant has no understanding as to what is requested.

*Id*. at 23–24. Plaintiff has not filed a reply clarifying these requests.

Defendants' objections appear valid on their face and Plaintiff failed to file a reply clarifying his requests, provide argument as to why such discovery is reasonably calculated to lead to the discovery of admissible evidence, or show that copies of SCDC policies, his medical records, and his institutional records were not otherwise obtainable. Therefore, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

March 5, 2014                                  Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge